# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JOSE ROSARIO-FABREGAS,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
NY-1221-11-0253-B-1

DATE: June 14, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose Rosario-Fabregas, San Juan, Puerto Rico, pro se.

Elizabeth Vavrica, Jacksonville, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed the instant IRA appeal in June 2011. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. DC-1221-11-0253-W-1, Initial Appeal File (IAF), Tab 1 at 1-41. The administrative judge dismissed the appeal without prejudice pending a final decision on the appellant's removal appeal, which was pending before the Board on petition for review. IAF, Tab 14, Initial Decision. Subsequently, the Board granted the appellant's petition for review in the removal appeal and ordered the agency to cancel that adverse action because it had violated the appellant's due process rights. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-I-1, Final Order (Nov. 30, 2011).

¶3        After the final decision was issued in the removal appeal, the appellant refiled the instant IRA appeal. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. DC-1221-11-0253-W-2, Refiled Appeal File (RAF), Tab 1. After further developing the record, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction. RAF, Tab 17, Initial Decision (W-2 ID) at 1. The administrative judge found that the appellant had raised before the Office of Special Counsel (OSC) the following personnel actions: "[H]is removal from his position and other matters such as his placement

on administrative leave before the removal took effect and the agency's mishandling of certain requests that he made under the Freedom of Information Act (FOIA)." W-2 ID at 2. The administrative judge found that the agency's handling of the appellant's FOIA requests did not constitute a personnel action over which the Board has jurisdiction in an IRA appeal. W-2 ID at 5-6. She also found that res judicata precluded the appellant from bringing a whistleblower retaliation claim pertaining to his removal, but did not preclude a whistleblower retaliation claim pertaining to his placement on administrative leave. W-2 ID at 5-8. However, she found that the appellant failed to present nonfrivolous allegations of a protected disclosure. W-2 ID at 6-7.

¶4    The appellant filed a petition for review. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-W-2, Petition for Review File, Tab 1. The Board remanded the IRA appeal for further adjudication. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-W-2, Remand Order (Dec. 30, 2013). The Board found that the appellant made a nonfrivolous allegation of a protected disclosure and a nonfrivolous allegation that his disclosure was a contributing factor in the agency placing him on administrative leave. *Id.* However, the Board determined that the appellant had not yet proven that he exhausted his administrative remedies as to the disclosure in question. *Id.* at 7-8. Therefore, the Board remanded for the administrative judge to address that issue. *Id.*

¶5    On remand, the administrative judge provided the appellant with the opportunity to prove exhaustion with OSC. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-B-1, Remand File (RF), Tab 7. After both parties responded, the administrative judge issued a remand initial decision, again dismissing the IRA appeal for lack of jurisdiction. RF, Tab 10, Remand Initial Decision (RID). She found that the appellant raised his placement on administrative leave with OSC only in connection with an alleged denial of due process and he did not allege that the agency placed him on administrative

leave in reprisal for whistleblowing. RID at 5-6. Therefore, she found that the appellant failed to prove that he exhausted his whistleblower retaliation claim in connection with his placement on administrative leave. *Id.*

¶6      The appellant has filed a petition for review of the remand initial decision, the agency has responded, and the appellant has replied. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-B-1, Remand Petition for Review (RPFR) File, Tabs 1, 5-6. The Board issued an order requesting more information from the appellant, but he failed to submit a timely response. RPFR File, Tab 7.[2]

The scope of this IRA appeal is limited.

¶7      All of the events at issue in this IRA appeal occurred during the period leading up to the appellant's 2010 removal, prior to the effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA). *E.g.*, IAF, Tab 1. Therefore, it is the Whistleblower Protection Act (WPA) that governs, limiting the scope of this IRA appeal to claims of whistleblower retaliation covered by 5 U.S.C. § 2302(b)(8). *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 13-15 (2014) (recognizing that, effective December 27, 2012, the WPEA expanded the scope of IRA appeals to include protected activities falling under section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D), but declining to apply this expansion retroactively), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015); *Fisher v. Department of Defense*, 47 M.S.P.R. 585, 587-88 (1991) (explaining that, under the WPA, an individual was only entitled to pursue an IRA appeal for whistleblower reprisal under 5 U.S.C. § 2302(b)(8)). Therefore, we cannot address the appellant's allegations that the agency violated 5 U.S.C.

---

[2] The Board's order requested additional information regarding whether the appellant made nonfrivolous allegations that he made protected disclosures that were a contributing factor in the personnel actions at issue in this appeal. RPFR File, Tab 7. Because we find that the appellant failed to prove exhaustion, we do not reach the issues that were the subject of the order.

§ 2302(b)(9) by retaliating against him based on his prior grievance or assisting others in their complaints. *See, e.g.*, RAF, Tab 12 at 37-39. Similarly, we cannot address the appellant's allegations of discrimination. *See, e.g.*, RAF, Tab 15 at 9; RF, Tab 6 at 13, 33-34. Discrimination claims do not provide an independent basis for Board jurisdiction and they cannot be adjudicated in an IRA appeal. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 14 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶8      Separately, we recognize that a significant portion of the appellant's petition for review addresses other appeals he has filed with the Board, pertaining to events that occurred after the filing of the instant IRA appeal. RPFR File, Tab 1 at 9-14; *see, e.g.*, *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-13-0142-I-2, Final Order (July 1, 2016) (affirming, as modified, the initial decision, which mitigated the appellant's February 2013 removal to a 30-day suspension). We decline to consider arguments related to his other appeals, as they are not presently before us.

¶9      Finally, we recognize that the administrative judge properly found that the appellant's claims relating to his 2010 removal are barred by res judicata and that the agency's handling of his FOIA requests are not a personnel action for purposes of this IRA appeal. W-2 ID at 5-6. Therefore, the only personnel action still before us in this IRA appeal is the appellant's placement on administrative leave.[3]

---

[3] At times during the processing of this appeal, the Board also has referred to the appellant's proposed removal as a separate personnel action. Remand Order at 2; RPFR File, Tab 7. However, the administrative judge did not address the proposed removal claim either before or after remand, and the appellant has not argued on petition for review that the administrative judge erred in failing to address that claim. We therefore

<u>The appellant failed to meet his jurisdictional burden.</u>

¶10    The Board has jurisdiction over an IRA appeal if an appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013). Under 5 U.S.C. § 1214(a)(3), administrative remedies must be exhausted by seeking corrective action from OSC before seeking corrective action from the Board. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The purpose of the exhaustion requirement is to give OSC the opportunity to take corrective action before involving the Board in the case. *Id.* An appellant may demonstrate exhaustion through an initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. Exhaustion may also be proved through other sufficiently reliable evidence, such an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.* The appellant must prove exhaustion with OSC by preponderant evidence, not just nonfrivolous allegations. *Id.*

> *The appellant failed to exhaust the claim that his placement on administrative leave was in retaliation for whistleblowing.*

¶11    The administrative judge dismissed the appeal after remand on the basis that the appellant failed to exhaust his claim that whistleblowing contributed to his placement on administrative leave. RID at 5-6. On review, the appellant argues that he met the exhaustion requirement by raising his placement on administrative leave, generally, in his complaints to OSC. RPFR File, Tab 1 at 5. We are not persuaded. We agree with the administrative judge's conclusion that the

---

will not consider that claim. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

appellant failed to exhaust a claim that his placement on administrative leave was whistleblower retaliation. RID at 6.

¶12    While the retaliation described in the appellant's clarified allegations to OSC and subsequent follow-up involved other matters, his references to administrative leave appear to implicate his allegations of a due process violation, not whistleblower retaliation. RAF, Tab 12 at 40; RF, Tab 6 at 21-24. OSC's response letters indicate that it also interpreted the appellant's claim concerning administrative leave as alleging due process violations, not whistleblower retaliation. RF, Tab 6 at 7, 34, 37. Therefore, the appellant failed to meet his burden of proving, by preponderant evidence, that he gave OSC a sufficient basis to pursue an investigation into whether his placement on administrative leave constituted retaliation, satisfying the exhaustion requirement. *See Chambers*, 2022 MSPB 8, ¶ 10.

¶13    Because we find that the appellant did not exhaust his whistleblower reprisal claim regarding the only remaining personnel action before the Board in this IRA appeal, we affirm the remand initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.